Helen Davis Chaitman (4266)
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 841-1320
hchaitman@phillipsnizer.com
*Attorneys for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re:                                           :     SIPA LIQUIDATION
:
BERNARD L. MADOFF INVESTMENT     :     No. 08-01789 (BRL)
SECURITIES LLC,                               :
:
                       Debtor.         :
---------------------------------------------------------:     Adv. Pro. No. 09-1272 (BRL)
:
DIANE and ROGER PESKIN and           :
MAUREEN EBEL,                                :
:
                     Plaintiffs,     :
      vs.                                         :
:
IRVING H. PICARD, as Trustee for the  :
Liquidation of Bernard L. Madoff Investment :
Securities LLC                                   :
:
                     Defendant.     :
---------------------------------------------------------x

**PLAINTIFFS' DESIGNATION OF CONTENTS FOR INCLUSION IN
RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL
OF THE BANKRUPTCY COURT'S SEPTEMBER 10, 2009
MEMORANDUM DECISION AND ORDER
GRANTING TRUSTEE'S MOTION TO DISMISS
<u>PLAINTIFFS' COMPLAINT AND SEPTEMBER 11, 2009 ERRATA ORDER</u>**

    The plaintiffs herein, Diane Peskin, Roger Peskin and Maureen Ebel, pursuant to Federal

Rule of Bankruptcy Procedure 8006, hereby file this Designation of Contents for Inclusion in the

Record on Appeal, and Statement of Issues on Appeal to the United States District Court of the

1091354.1

Southern District of New York from the following two orders of the United States Bankruptcy Court for the Southern District of New York (the "bankruptcy court"): (a) the September 10, 2009 Memorandum Decision and Order Granting Trustee's Motion to Dismiss Plaintiffs' Complaint (the "Order") and (b) the September 11, 2009 Errata Order (the "Errata Order").

**Designation of Contents of Record on Appeal**

The following shall be included in the record on appeal:

1. The Bankruptcy Court's Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims, and Providing Other Relief dated December 23, 2008 [Adv. Pro. No. 08-01789, Docket No. 12] [attached hereto as Exhibit A];

2. Objection to First Applications of Irving H. Picard, Trustee and Baker & Hostetler LLP for Allowance of Interim Compensation for Services Rendered and Reimbursement of Expenses Incurred from December 15, 2009 through April 30, 2009, with attachments #1-21, filed on August 3, 2009 (Attachments:  #1 Exhibit A; #2 Exhibit B; #3 Exhibit C; #4 Exhibit D; #5 Exhibit E; #6 Exhibit F; #7 Exhibit G; #8 Exhibit H; #9 Exhibit I; #10 Exhibit J; #11 Exhibit K; #12 Exhibit L; #13 Exhibit M; #14 Exhibit N; #15 Exhibit O; #16 Exhibit P; #17 Exhibit Q; #18 Exhibit R; #19 Exhibit S; #20 Exhibit T; and #21 Exhibit U) [Adv. Pro. No. 08-01789, Docket No. 351] [attached hereto as Exhibit B];

3. Plaintiffs' Complaint filed on June 10, 2009. [Docket No. 1];

4. Summons with Notice of Pre-Trial Conference issued by Clerk's Office and filed on June 10, 2009 [Docket No. 2];

5. Letter from Helen Davis Chaitman to Hon. Burton R. Lifland enclosing Proposed Order filed on July 10, 2009 [Docket No. 9];

6. Letter from David J. Sheehan to Hon. Burton R. Lifland filed on July 13, 2009 in Response to the July 10, 2009 letter of Helen Davis Chaitman [Docket No. 10];

7. Motion to Dismiss Adversary Proceeding, or in the Alternative, to Strike, with attachments #1-16, filed on July 17, 2009 (Attachments: #1 Proposed Order; #2 Memorandum of Law in Support of Motion to Dismiss; #3 Declaration of David J. Sheehan; #4 Exhibit A to the Declaration of David J. Sheehan; #5 Exhibit B to the Declaration of David J. Sheehan; #6 Exhibit C to the Declaration of David J. Sheehan; #7 Exhibit D to the Declaration of David J. Sheehan; #8 Declaration of Matthew B. Greenblatt; #9 Exhibit A to the Declaration of Matthew B. Greenblatt; #10 Exhibit B to the Declaration of Matthew B. Greenblatt; #11 Exhibit C to the Declaration of Matthew B. Greenblatt; #12 Exhibit D to the Declaration of Matthew B. Greenblatt; #13 Exhibit E to the Declaration of Matthew B. Greenblatt; #14 Exhibit F to the Declaration of Matthew B. Greenblatt; #15 Exhibit G to the Declaration of Matthew B. Greenblatt; and #16 Exhibit H to the Declaration of Matthew B. Greenblatt) [Docket No. 11];

8. Memorandum of Law of the Securities Investor Protection Corporation in Support of Defendant Irving H. Picard, Trustee's, Motion to Dismiss, or in the Alternative, to Strike, filed on July 17, 2009 [Docket No. 12];

9. Declaration of Hemant Sharma in Support of Defendant Irving H. Picard, Trustee's, Motion to Dismiss Complaint, or in the Alternative to Strike, with Attachment #1 (Exhibit A), filed on July 17, 2009 [Docket No. 13];

10. Letter from Nikki M. Landrio to the Hon. Burton R. Lifland filed on July 24, 2009 confirming adjournment of pre-trial conference from July 28, 2009 to September 9, 2009 [Docket No. 17];

11. Letter from Chryssa V. Valletta to the Hon. Burton R. Lifland filed on August 7, 2009 regarding Plaintiffs' proposed cross-motion for partial summary judgment [Docket No. 18];

12. Letter from David J. Sheehan to the Hon. Burton R. Lifland filed on August 10, 2009 in response to the August 7, 2009 letter submitted by Plaintiffs [Docket No. 19];

13. Plaintiffs' notice of cross-motion for Partial Summary Judgment filed on August 10, 2009 [Docket No. 20];

14. Declaration of Helen Davis Chaitman, Esq., in Opposition to Defendant's Motion to Dismiss Complaint, or in the Alternative, to Strike, and in support of cross-motion, with attachments #1-10, filed on August 10, 2009 (Attachments: #1 Exhibit A; #2 Exhibit B; #3 Exhibit C; #4 Exhibit D; #5 Exhibit E; #6 Exhibit F; #7 Exhibit G; #8 Exhibit H; #9 Exhibit I; and #10 Exhibit J). [Docket No. 21];

15. Plaintiffs' Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1, filed on August 10, 2009 [Docket No. 22];

16. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, or in the Alternative, to Strike and in Support of Cross-Motion, filed on August 10, 2009 [Docket No. 23];

17. Letter from David J. Sheehan to the Hon. Burton R. Lifland filed on August 10, 2009 in response to the filing of Plaintiffs' cross-motion [Docket No. 24];

18. Memorandum endorsement striking Plaintiffs' cross-motion seeking partial summary judgment dated August 12, 2009 [Docket No. 26];

19. Letter endorsement denying Plaintiffs' request to file cross-motion for partial summary judgment dated August 12, 2009 [Docket No. 27];

20. Notice of Adjournment of Hearing to September 9, 2009 filed on August 13, 2009 [Docket No. 28];

21. Declaration of Helen Davis Chaitman, Esq., in Opposition to Defendant's Motion to Dismiss Complaint, or in the Alternative, to Strike, with attachments #1-9, filed on August 17, 2009 (Attachments: #1 Exhibit A; #2 Exhibit B; #3 Exhibit C; #4 Exhibit D; #5 Exhibit E; #6 Exhibit F; #7 Exhibit G; #8 Exhibit H; and #9 Exhibit I). [Docket No. 29];

22. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, or in the Alternative, to Strike, filed on August 17, 2009 [Docket No. 30];

23. Motion for leave to file a brief Amicus Curiae filed by Lawrence Vevel on August 17, 2009 [Docket No. 32]

24. Brief of Amicus Curiae filed by Lawrence Vevel on August 17, 2009 [Docket No. 33]

25. Trustee's Objection to Motion for Leave to File Amicus Curiae Brief, filed on August 19, 2009, with Attachment #1 (Certificate of Service) [Docket No. 34];

26. Notice of Customers' Motion to be Heard on Trustee's Motion to Dismiss and on Net Equity Issue, with Attachments #1-4, filed on August 31, 2009 (Attachments: #1 Memorandum of Law; #2 Exhibit A to Memorandum of Law; #3 Proposed Order; and #4 Certificate of Service) [Docket No. 35];

27. Reply to Trustee's objection to the filing of an Amicus Curiae Brief, filed on August 25, 2009 [Docket No. 36];

28. Reply to Plaintiff's Opposition to Defendant Irving H. Picard, Trustee's Motion to Dismiss Complaint, or in the Alternative, to Strike, with Attachment #1 (Certificate of Service) filed on August 27, 2009 [Docket No. 37];

29. Reply Memorandum of Law of the Securities Investor Protection Corporation in Support of Defendant Irving H. Picard, Trustee's, Motion to Dismiss Complaint, or in the Alternative, to Strike, with Attachment #1 (Certificate of Service) filed on August 28, 2009 [Docket No. 38];

30. Plaintiff's Amended Complaint filed on September 1, 2009 [Docket No. 39];

31. The Transcript of proceedings before the Bankruptcy Court on September 9, 2009 [Adv. Pro. No. 08-01789, Docket No. 418][attached hereto as Exhibit C];

32. Minute Order Denying Motion for Leave to File a Brief Amicus Curiae dated September 9, 2009 [Docket No. 40];

33. The Order [Docket No. 42];.

34. The Errata Order [Docket No. 43];

35. Plaintiffs' Notice of Appeal with Attachment #1 (Civil Cover Sheet) filed on September 18, 2009 [Docket No. 44]; and

36. This Designation of Contents and Statement of Issues.

**Statement of Issues Presented on Appeal**

The issues involved in this appeal are:

1. Whether the bankruptcy court erred in dismissing that portion of the complaint which sought a declaratory judgment that defendant had violated the mandate, under the Securities Investor Protection Act ("SIPA"), that he "promptly" pay customer claims.

2. Whether the bankruptcy court erred in dismissing for lack of ripeness plaintiffs' claim for breach of fiduciary duty when the complaint alleged (a) that defendant had deliberately delayed for eight months the payment to them of the SIPC insurance which they are statutorily entitled to receive "promptly" and (b) that he had thereby caused them substantial damages.

3. Whether the bankruptcy court erred in finding that plaintiffs' assertion of claims under SIPA violated the Court's December 23, 2008 Order Specifying Procedures for Filing, Determination and Adjudication of Claims.

4. Whether the bankruptcy court erred in dismissing plaintiffs' claim for a declaratory judgment that defendant had no right to assert preference claims against them.

5. Whether the bankruptcy court erred in dismissing Ebel's claim for a declaratory judgment that the Trustee had extracted from her, under duress, an acknowledgment that her claim for her IRA account was limited to the amount of her net investment.

September 28, 2009

                                    PHILLIPS NIZER LLP

                                    By: /s/ Helen Davis Chaitman
                                    666 Fifth Avenue
                                    New York, New York 10103-0084
                                    (212) 841-1320

                                    *Counsel for Plaintiffs*